IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LUANNE F. WEBER, )
)
        Plaintiff, )
)
v. ) Civil Action No. 07-184J
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 30th day of September, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 15) be, and the same hereby is, granted and the Commissioner's motion for summary judgment (Document No. 18) be, and the same hereby is, denied. The Commissioner's decision of November 22, 2006, will be reversed and this case will be remanded to the Commissioner for further proceedings consistent with this opinion pursuant to sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

Plaintiff protectively filed her pending application for disability insurance benefits on May 18, 2005, alleging a disability onset date of November 9, 2000, due to arthritis, diabetes, irritable bowel syndrome, back and neck pain and calcified growth in her muscles. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on September 14, 2006, at which plaintiff, represented by counsel,

appeared and testified. On November 22, 2006, the ALJ issued a decision finding that plaintiff is not disabled. On May 25, 2007, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

For purposes of plaintiff's Title II application, the ALJ found that plaintiff met the disability insured status requirements of the Act on her alleged onset date but that she only had acquired sufficient coverage to remain insured through September 30, 2004. In addition, plaintiff had filed a previous application for benefits which was denied initially on January 25, 2002, and which plaintiff did not further pursue. Accordingly, the relevant time period at issue here is January 25, 2002, to September 30, 2004, and plaintiff bears the burden of proving that she became disabled during that time period.

Plaintiff was 50 years old at the time her insured status expired and is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §404.1563(d). Plaintiff has a high school education with one year of college. She has past relevant work experience as an intake coordinator, nursing supervisor, LPN and sales clerk, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of

osteoarthritis, degenerative disc disease and asthma, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a significant range of light work but with certain restrictions recognizing the limiting effects of her impairments. (R. 20). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon her age, education, work experience and residual functional capacity, including mail clerk, electronics worker and spotter in glass manufacturing. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform her past relevant work, she is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(1)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[1] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises numerous challenges to the ALJ's findings: (1) the ALJ erred in finding that plaintiff's impairments do not meet any of the listed impairments set forth in the regulations; (2) the ALJ erred in finding that plaintiff retains the residual functional capacity for light work; (3) the ALJ erred in evaluating the medical evidence; (4) the ALJ erred at step 2 by not finding that plaintiff suffers from the severe impairments of Epstein-Barr Syndrome, fibromyalgia, neuropathy and obesity; and, (5) that the ALJ erred in evaluating plaintiff's subjective complaints of pain. After reviewing the ALJ's decision and the record, the court finds that this case must be reversed and remanded for additional consideration for the following reasons.

---

[1] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520.

First, the ALJ's step 2 analysis fails to withstand substantial evidence scrutiny. At step 2, the ALJ found that plaintiff suffers from numerous severe impairments as the court previously has noted. While there is substantial evidence in the record supporting the ALJ's finding that plaintiff does suffer from the severe impairments identified in the ALJ's step 2 finding, the ALJ's error at that step was her failure to analyze plaintiff's positive test for Epstein-Barr virus.[2]

At step 2 of the sequential evaluation process, the ALJ must determine whether a claimant's impairment is "severe" as defined in the Act. 20 C.F.R. §404.1520. "[An] impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §404.1521(a). Importantly, the step 2 inquiry is a de minimus screening device and, if the evidence presents more than a slight abnormality, the step 2 requirement of severity is met and the sequential evaluation process should continue. Newell, 347 F.3d at 546. Importantly, "[r]easonable doubts on severity are to be resolved in favor of the claimant." Id. at 547.

The burden placed on a social security claimant at step 2 is not an exacting one and any doubt as to whether a claimant has

---

[2] To the extent plaintiff contends the ALJ erred at step 2 by not finding fibromyalgia, obesity and neuropathy to be severe impairments, substantial evidence in the record supports the ALJ's finding as to those conditions. As noted by the ALJ, plaintiff was not diagnosed with fibromyalgia until nearly a year after her date last insured, and there is no evidence in the record suggesting that neuropathy or obesity are more than slight abnormalities.

made a step 2 severity showing is to be resolved in favor of the claimant. McCrea v. Barnhart, 370 F.3d 357, 360 (3d Cir. 2004).

Here, treatment notes from plaintiff's primary care physician, Dr. Ejianreh, covering the period from September of 2003 to September of 2004 indicate that plaintiff consistently during that time was battling recurrent mononucleosis. (R. 288-298). On September 10, 2003, an addendum was added to the treatment notes for September 8, 2003, indicating that plaintiff had tested positive for the Epstein-Barr virus. (R. 298). An additional reference to the Epstein-Barr virus and "viral syndrome" can be found in Dr. Ejianreh's August 3, 2004, treatment note. (R. 292).

Despite this evidence, the ALJ made no attempt to ascertain whether Epstein-Barr Syndrome constituted a severe impairment. The Commissioner attempts to brush aside this oversight first by arguing that plaintiff was diagnosed with mononucleosis, not Epstein-Barr, and also that there was no evidence that mononucleosis rose to the level of a severe impairment because plaintiff was "recovering" from it.

However, as noted, there is a clear indication in the record that plaintiff tested positive for Epstein-Barr virus in September of 2003. (R. 298). Moreover, despite a year's worth of treatment notes indicating that plaintiff suffered from recurrent mononucleosis, the ALJ failed to undertake an analysis of whether recurrent mononucleosis is a severe impairment that had more than a minimal impact on plaintiff's ability to perform basic work

activities. Finally, to the extent the Commissioner asserts that plaintiff was "recovering" from mononucleosis, the court notes that it was not until August 17, 2004 that Dr. Ejianreh's notes indicate that plaintiff was "recovering <u>slowly</u>" (R. 290) (court's emphasis) and not until August 31, 2004, that he indicated that plaintiff's mononucleosis was "improving." (R. 289).

The record in this case contains evidence that plaintiff tested positive for Epstein-Barr virus and that she suffered from recurrent mononucleosis for a period of a year during the relevant time period. The ALJ's failure to address this evidence and ascertain whether Epstein-Barr and/or recurrent mononucleosis is a severe impairment is clear error.

On remand, the ALJ must revisit her step 2 finding after consideration of all of the evidence of record. If she concludes after reconsideration that Epstein-Barr Syndrome and/or recurrent mononucleosis is not a severe impairment, she must explain her reasons for doing so. It is axiomatic in social security cases that, although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence that he rejects and his reasons for discounting that evidence. <u>Fargnoli</u>, 247 F.3d at 43. Where the ALJ fails to consider and explain his reasons for discounting all of the relevant evidence before him, he has not met his responsibilities under the Act and the case must be remanded with instructions "to review all of the pertinent medical evidence, explaining any conciliations and rejections." <u>Burnett v. Apfel</u>, 220 F.3d 112, 122 (3d Cir. 2000).

In addition, on remand the ALJ must also re-evaluate plaintiff's subjective complaints of pain under the appropriate social security law and standards. See 20 C.F.R. §404.1529; SSR 96-7p. Here, the ALJ's adverse credibility determination appears to have been influenced somewhat by her apparent rejection of plaintiff's claim that she had Epstein-Barr. The ALJ stated that Dr. Ejianreh "diagnosed [plaintiff] with mononucleosis rather than Epstein Barr" without even acknowledging plaintiff's positive test for the virus. Although an ALJ may reject a claimant's subjective testimony regarding pain and its limitations if she does not find it credible, she must explain why she is rejecting that testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). The ALJ must re-evaluate plaintiff's credibility in light of the medical evidence dealing with Epstein-Barr and recurrent mononucleosis.

Finally, on remand the ALJ must reconsider her residual functional capacity finding with regard to additional limitations, if any, arising from plaintiff's Epstein-Barr and recurrent mononucleosis.[3]

---

[3] The court has considered the other arguments raised by plaintiff on appeal and finds them to be without merit. The court is satisfied that the ALJ's step 3 finding is supported by substantial evidence and that the ALJ properly evaluated the medical evidence of record according to the applicable regulations.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

*[signature]*
Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
630 Pleasant Valley Boulevard, Suite B
Altoona, PA 16602

Stephanie L. Haines
Assistant U.S. Attorney
224 Penn Traffic Building
319 Washington Street
Johnstown, PA 15901